UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASANOVA ANTONIO SOLOMAN, et al.,

          Plaintiffs,

   v.

SAN FRANCISCO COUNTY JAIL, et al.,

          Defendants.

Case No. 26-cv-02249-RFL

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**INTRODUCTION**

Casanova Soloman, a detainee at San Francisco County Jail and Michael Patterson, who appears to be a former detainee at San Francisco County Jail, proceeding *pro se*, filed a joint civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiffs have been granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **June 26, 2026**. Failure to file a proper amended complaint by that date, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

**DISCUSSION**

A.    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),

1

(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    Plaintiffs' Allegations

Plaintiffs allege as follows: Inside a bathroom at San Fracisco County Jail there is a surveillance camera which can fully see detainees and their genitals while they are using the bathroom. (Dkt. No. 2 at 2.) The jail has been giving detainees clothes with lice and bringing detainees with lice and scabies into general population without medically clearing them. (*Id.* at 3.) The jail is cold, the heat is never turned on, and Plaintiffs have to take cold showers. (*Id.*) Plaintiffs seek money damages. (*Id.*)

### C.    Analysis

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State

2

seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id*. (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)).  The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id*. at 536-37.  "To constitute punishment, a government action must (i) harm a detainee and (ii) be intended to punish him." *Houston v. Maricopa County*, 116 F.4th 935, 940 (9th Cir. 2024).

In an earlier filed case, *Soloman, et. al. v. San Francisco County Jail*, 26-cv-2060 RFL, Soloman and two other Plaintiffs raised the exact same claim regarding the camera in the bathroom.  In a concurrently filed order, the complaint in that case was dismissed with leave to amend.  The claim in this case is dismissed as duplicative. *See Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (a district court has discretion to control its own docket, and that includes the power to dismiss duplicative actions), *overruled on other grounds*, *Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).  Soloman should present his allegations in an amended complaint in the earlier filed case.  Patterson may either file a separate case containing this claim or seek to join *Soloman, et. al. v. San Francisco County Jail*, 26-cv-2060 RFL and sign any amended complaint in that case.

The remaining claims in the complaint are dismissed with leave to amend.  Plaintiffs do not identify any specific Defendants or explain how the Defendants were responsible for the allegations in the complaint.  In an amended complaint, Plaintiffs must identify any Defendants responsible for the alleged constitutional violations.  Plaintiffs should also provide more information about if and when they had lice or scabies or what other harm Plaintiffs suffered from other detainees' lice and/or scabies.  They should also provide facts about why they believe the conditions were intended to constitute punishment, including how often the showers were cold, how cold they were, how cold it became in the jail when the heat was not used, and how often it reached that level of cold.

**CONCLUSION**

The complaint is DISMISSED with leave to file an amended complaint on or before **June 26, 2026**. The amended complaint must include the caption and civil case number used in this order (26-2249 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The first amended complaint must also appear on this Court's form, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiffs must include in the amended complaint all the claims they wish to present and all of the Defendants they wish to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiffs may not incorporate material from any prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiffs. Each Plaintiff must sign any filing submitted to the Court.

The Clerk shall serve this order on both Plaintiffs at their addresses of record and additionally serve a further copy on Michael Patterson at 509 Shields Street, San Francisco, CA 94132.

It is Plaintiffs' responsibility to prosecute this case. Plaintiffs must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." They must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 20, 2026

RITA F. LIN
United States District Judge

4